# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LUANNE MARIE KALSCHEUER,**

    Plaintiff,

    v.                                         Case No. 18-CV-1462

**RICHARD NIESS,
GINGER MURRAY,
MICHAEL KALSCHEUER,
AMY JOB,** and
**JEREMY JOB,**

    Defendants.

## REPORT AND RECOMMENDATION
## TO DISMISS ACTION ON PRELIMINARY REVIEW

Luanee Marie Kalscheuer filed this action without the assistance of counsel in September 2018, as well as a request to proceed without prepaying the filing fee. The matter was randomly assigned to this Court. Because this action suffers from a number of incurable defects, this Court will recommend that the action be dismissed and that Ms. Kalscheuer's request to proceed without prepaying the filing fee be denied as moot.

## I.    Screening under 28 U.S.C. § 1915

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not

seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## A. Ability to pay - § 1915(a)

In her request to proceed without prepaying the filing fee, Ms. Kalscheuer asserts that she is not married and that she supports herself with a monthly salary of $640.00. *See* Plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee 1–2, ECF No. 2. Ms. Kalscheuer owns her own home and has $251.00 in savings but has no other assets or property of value. Req. 3–4. Her total monthly expenses are approximately $2,018.54. Req. 2–3. Based on the above information, the Court concludes that Ms. Kalscheuer is unable to pay the fees and costs of commencing this action.

## B. Legal sufficiency - § 1915(e)(2)

The second step of the inquiry requires the Court to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under

Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *DeWalt*, 224 F.3d at 612. Moreover, the Court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 1. Complaint allegations

Ms. Kalscheuer's complaint (and the attachments thereto) is largely indecipherable, but it appears to contain the following allegations. *See* Complaint, ECF No. 1; *see also* Attachments to Complaint, ECF No. 1-2.[1] For years, Ms. Kalscheuer helped care for her two grandchildren, A.J. and R.J. When she became concerned about how they were being treated at home, Ms. Kalscheuer wrote a

---

[1] The Court also relies on the dockets of the state-court actions. *See* https://wcca.wicourts.gov/ (Case Nos. 2016FA002026 and 2018FA000264). A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

3

letter to her daughter (Amy Job) and son-in-law (Jeremy Job) in February 2015 expressing her concerns and indicating that the grandchildren would be living with her. The Jobs responded to the letter by filing petitions for harassment restraining orders against Ms. Kalscheuer in Dane County Circuit Court. The parties entered into a stipulation establishing conditions Ms. Kalscheuer would have to meet to see her grandchildren.

The following year, in November 2016, Ms. Kalscheuer filed a petition in Dane County Circuit Court seeking visitation rights concerning her grandchildren. The Honorable Richard G. Niess presided over that action. Judge Niess appointed a guardian ad litem (GAL) to represent the interests of the grandchildren. At an evidentiary hearing, the GAL recommended no visitation between Ms. Kalscheuer and her grandchildren. Judge Niess ultimately dismissed Ms. Kalscheuer's petition.

Ms. Kalscheuer filed a second petition for visitation rights in February 2018, again in Dane County Circuit Court. The Honorable Josann M. Reynolds presided over that action, and the Jobs were represented by Ginger L. Murray. Judge Reynolds granted the Jobs' motion to dismiss the petition and ordered Ms. Kalscheuer to pay their attorney fees.

Ms. Kalscheuer's complaint package contains four separate complaint forms: one against Judge Niess, one against Attorney Murray, one against Michael L. Kalscheuer (Ms. Kalscheuer's ex-husband), and one against the Jobs. *See* Compl. 1–13. Ms. Kalscheuer alleges that, in denying visitation rights, Judge Niess defamed her, breached the stipulation entered in the harassment proceedings, and discriminated against her. She alleges that Attorney Ginger, Mr. Kalscheuer, and

4

the Jobs have conspired together to keep Ms. Kalscheuer from seeing her grandchildren. Ms. Kalscheuer asks the Court to award her visitation rights and compensatory damages. Compl. 14.

   2. **Legal analysis**

Ms. Kalscheuer's Complaint suffers from several fatal defects. *First*, Judge Niess has absolute immunity from damages for his judicial conduct. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) and *Forrester v. White*, 484 U.S. 219, 225–29 (1988)). *Second*, the Eastern District of Wisconsin does not appear to be the proper venue for this action. The defendants all reside in Dane County, which is in the Western District of Wisconsin, and the events giving rise to Ms. Kalscheuer's claims occurred there. *See* 28 U.S.C. § 1391(b).

*Third*, the Complaint fails to state a federal claim to relief. Parents have a fundamental right "to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (citations omitted). That constitutional right, however, does not extend to grandparents. Rather, the visitation rights of grandparents typically are governed by state statute—in this case, Wis. Stat. § 767.43. The allegations therefore lie in state, not federal, law; the proper recourse is for Ms. Kalscheuer to appeal the adverse state-court decisions. *See* 28 U.S.C. § 1331 (establishing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Moreover, the parties are all citizens of Wisconsin, so federal diversity jurisdiction does not exist under 28 U.S.C. § 1332.

5

## II. Conclusion

Accordingly, the Court finds that the requirements of § 1915(e)(2)(B) are not satisfied. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of the following recommendations: (1) that this action be dismissed according to 28 U.S.C. § 1915; (2) that Ms. Kalscheuer's request for leave to proceed without prepaying the filing fee be denied as moot; and (3) that the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice according to 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that Ms. Kalscheuer's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 2, be **DENIED as moot**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court enter judgment that Ms. Kalscheuer shall take nothing from the Complaint.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge