UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUANNE MARIE KALSCHEUER,

        Plaintiff,

  v.                                                 Case No. 18-cv-1462-pp

JUDGE RICHARD NIESS, GINGER MURRAY,
MICHAEL KALSCHEUER, AMY JOB and
JEREMEY JOB,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S REQUEST TO CLOSE CASE (DKT. NO. 9), DISMISSING CASE WITHOUT PREJUDICE, AND GRANTING PLAINTIFF'S REQUEST FOR RETURN OF FILING FEE (DKT. NOS. 9, 10)**

---

      The plaintiff, representing herself, filed a complaint, and the clerk of court assigned the case to Magistrate Judge David Jones. Dkt. No. 1. Judge Jones screened the complaint and recommended that this court dismiss the case. He also recommended that the court dismiss as moot the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 6. Judge Jones explained to the plaintiff that she cannot sue a state court judge for his judicial conduct, and that she should have filed the case in the Western District, where all the defendants reside and where all the events occurred. Id. at 5. He further explained that the allegations, which focus on the plaintiff's visitation rights as a grandparent, are state-law claims, not federal. Id. The plaintiff had fourteen days after service of the recommendation to file an objection. She filed that

1

objection on October 16, 2018. Dkt. No. 7. The court received the $400 filing fee from the plaintiff the same day. On December 19, 2018, the court received the plaintiff's request to voluntarily dismiss her case; she also asked the court to return the $400 filing fee. Dkt. No. 9.

In her objection to Judge Jones's recommendation, the plaintiff explained that she disagreed with his conclusion that she has failed to state a claim, and asked the court not to dismiss the case; she urged the court to accept the $400 filing fee. Dkt. No. 7. She believes she has proven her case, and that Judge Jones's recommendation must be reversed. Id. In the letter the court received on December 19, 2018, however, she indicates that she has called many times to find out why nothing has happened in her case. Dkt. No. 9. She states that she was told the issues about which she was complaining would be resolved in a couple of months, but that delay in granting the relief she requested does not work for her. She indicates that she has had a horrible experience with the court and asks the court to close her case immediately. She also demands that the court refund the $400 filing fee. Id.

The court regrets that the plaintiff has had a bad experience. Unfortunately, the court is not able to act on every case as quickly as it would like, and understands that the delay has frustrated the plaintiff. She certainly has a right to dismiss her case, given that the defendants have not yet filed answers. Fed. R. Civ. P. 41(a). What has complicated the court's response is the plaintiff's demand that it return the $400 filing fee. Judge Jones found that

the plaintiff could not afford to pay the filing fee. Despite that, the plaintiff paid the $400 filing fee.

The filing fee is considered a cost of litigation. See 28 U.S.C. §1920. Payment of the fee "does not guarantee a particular outcome, nor does it guarantee that the case will proceed in a particular manner." Medley v. Silver Script Ins. Co., 2018 WL 4205395, *1 (E.D. Wis. Aug. 31, 2018). A person pays a *filing* fee as a cost of *filing* the case. Another judge in this district has pointed out that "a court need never return a filing fee to a plaintiff, and if it does so, the act is one of pure generosity." Id.

Here, Judge Jones found, *before* the plaintiff paid the fee and *before* any defendant appeared in the case, that the plaintiff could not afford to pay the filing fee. This court reviewed her affidavit, and agrees with Judge Jones that she qualified to proceed without paying the filing fee. The plaintiff did not have to pay the filing fee. Under these unique circumstances, where it appears that the plaintiff made a mistake by paying the fee after Judge Jones determined that she did not have to pay it, the court will return the fee.

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's request to close her case, dkt. no. 9, and **DISMISSES** the case without prejudice.

The court **GRANTS** the plaintiff's request for return of the filing fee,

which she paid in error, and orders the clerk of courts to return the fee to the plaintiff at the address provided in dkt. no. 10. Dkt. Nos. 9, 10.

Dated in Milwaukee, Wisconsin this 15th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**